**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **VIRGINIA N. EDWARDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-08-68** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff Virginia N. Edwards' ("Plaintiff") Brief (Dkt. No. 18),

which the Court will treat as a motion for summary judgment. Having considered the motion, reply,

response, record, and applicable law, the Court finds that Plaintiff's motion should be GRANTED.

### Background and Procedural History

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the Commissioner's

decision to deny Plaintiff's application for disability insurance benefits and supplemental security

income. Plaintiff is 56 years old, (Tr. 101), with an eighth grade education—she has not earned a

General Educational Development ("GED") high school equivalency certificate—(Tr. 34-35), and

past work experience as a Pizza Hut supervisor, waitress, and day care provider, (Tr. 39, 50-51, 126-

129).

Plaintiff filed her application for benefits on June 20, 2005, (Tr. 121), alleging that her

disability began on October 13, 2004. (Tr. 100). Her claims were denied by the Commissioner, and

her request for reconsideration was also denied. (Tr. 95-99, 593-97, 599-603). Plaintiff had a

hearing before an Administrative Law Judge ("ALJ") on September 27, 2007. (Tr. 76). The ALJ

issued an opinion on November 19, 2007, finding that Plaintiff was not under a disability within the meaning of the Social Security Act.  (Tr. 59-69).

The ALJ's opinion proceeded through the familiar five-step sequential process.[1]  At Step 1, the ALJ ruled that Plaintiff had not performed substantial gainful work activity after her alleged disability onset date—October 13, 2004.  (Tr. 64).

At Steps 2 and 3, the ALJ held that Plaintiff suffered from hypertension and coronary artery disease, which are "severe" impairments but do not, either standing alone or in combination, meet or medically equal any of the "Listing of Impairments" described in Appendix 1 of the Commissioner's regulations. (Tr. 64); 20 C.F.R. Pt. 404, Supt. P, App.1.

Before proceeding to Step 4, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") for light work.  "Light work" demands the ability to lift up to twenty pounds occasionally and lift of up to ten pounds frequently.  It also requires a worker to be able to stand/walk for a total of six hours per eight-hour workday.  (Tr. 65); *see* Social Security Ruling 83-

---

[1]The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;
> (2) a claimant will not be found to be disabled unless she has a "severe impairment;"
> (3) a claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors;
> (4) a claimant who is capable of performing work she has done in the past must be found "not disabled;" and
> (5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether she can do other work.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

2

10, 1983 WL 31251, at *5-*6.

In reaching this conclusion, the ALJ credited non-treating, non-examining medical expert Dr. Dorothy Leong's testimony that Plaintiff could lift twenty pounds occasionally and ten pounds frequently and could sit six hours and stand/walk six hours each during an eight hour workday. (Tr. 68, 24). The ALJ also implicitly rejected Plaintiff's treating physician's "medical source statements"[2] that Plaintiff could lift no more than ten pounds and perform standing/walking activities for no more than two hours during an eight-hour workday. (Tr. 588-91). Dr. Faisal Pirzada, Plaintiff's treating physician, examined Plaintiff on eight occasions between assuming her care in October 2004 and completing his "medical source statement" questionnaire in May 2007. (TR 150, 152, 159, 162, 543, 546-47, 558).

Based on his finding that Plaintiff could perform "light work," the ALJ relied on testimony of the vocational expert and found, at Step 4, that Plaintiff could still perform her past relevant work as a restaurant supervisor/lead worker, waitress, and day care provider. Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. 68-69).

---

[2]

> Medical source statements are medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis.

> . . . .

> Medical source statements submitted by treating sources provide medical opinions which are entitled to special significance and may be entitled to controlling weight on issues concerning the nature and severity of an individual's impairment(s).

Social Security Ruling 96-5p, 1996 WL 374183, at *4; *see Gittens v. Astrue*, No. 3:04cv2363, 2008 WL 631215, at *4 (N.D. Tex. Feb. 29, 2008).

Medical source statements in the form of a questionnaire are an appropriate way for treating physicians to offer medical opinions. *See Gittens*, 2008 WL 631215, at *5.

**Standard**

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: whether substantial record evidence supports the decision, and whether proper legal standards were used to evaluate the evidence.  *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In applying this standard, the Court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the Court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the Court overturn it.  *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court reviews the legal standards applied by the Commissioner de novo.

**Analysis**

Plaintiff claims that the ALJ failed to provide "good cause" for rejecting the treating physician's—Dr. Faisal Pirzada—opinion that Plaintiff could not lift more than ten pounds or perform standing/walking activities for more than two hours during an eight-hour workday.

The ALJ need not take the treating physician's word as gospel, but can reject it for good

cause.  *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).  However, "absent reliable

medical evidence from a <u>treating</u> or <u>examining</u> physician controverting the claimant's treating

specialist, an ALJ may reject the opinion of the treating physician <u>only</u> if the ALJ performs a

detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R.

§ 404.1527(d)(2)."  *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis added).  That

section of the regulations requires consideration of the length, nature, and extent of the

relationship between the physician and the patient, the frequency of examination, the extent to

which the source's opinion is supportable by the record, the consistency of the opinion with the

record, the specializations of the physicians with competing opinions, and any other relevant

factors brought to the Commissioner's attention.  20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ declined to give controlling weight to Dr. Pirzada's opinion.  In fact, the ALJ

never mentioned Dr. Pirzada's opinion.  Moreover, the ALJ did not rely on "reliable medical

evidence from a treating or examining physician," *Newton*, 209 F.3d at 453, but instead relied on

the assessment of Dr. Dorothy Leong, who made her assessment based on a review of the record.

Thus, the ALJ was required to engage in the "detailed analysis" of the factors set out in the

regulation quoted above.  The ALJ did not engage in such analysis.  Thus, the case must be

remanded to the ALJ for reexamination of this issue.[3]

---

[3]Defendant argues that even if the ALJ erred by failing to make findings regarding Plaintiff's examining physician's opinion, Plaintiff was not prejudiced by the rejection of Dr. Pirzada's opinion.  However, after reviewing the evidence, the Court is convinced that this is not the case.  Based on the ALJ's finding that Plaintiff retained the ability to lift twenty pounds occasionally and stand/walk for six hours during the workday, the vocational expert testified that Plaintiff could perform her past "light work" as a restaurant supervisor/lead worker, waitress, and day care provider, as generally performed in the national economy.  (Tr. 50-51; 53).  Had Dr. Pirzada's opinions been properly weighed and adopted, Plaintiff would have been found unable to lift more than ten pounds and to stand/walk for more than two hours, i.e., she would have been limited to "sedentary work."  The Commissioner's regulations define sedentary work as involving lifting no more than ten pounds at a time, standing or walking no more than two hours, and sitting approximately six hours during an eight-hour workday.  Social Security Ruling 83-10, 1983 WL 31251, at *5.

**Conclusion**

For the reasons stated above, Plaintiff's motion for summary judgment is GRANTED.  The

decision of the Commissioner is REVERSED.  The case is remanded pursuant to 42 U.S.C. § 405(g)

("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

without remanding the cause for a rehearing.").

It is so ORDERED.

Signed this 5th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

If Plaintiff was restricted to "sedentary work," she would have been found unable to perform her past relevant work, and the sequential evaluation would have continued to Step 5.
    As an individual closely approaching advanced age throughout the pertinent period with a "limited" eighth-grade education and no transferable skills to new sedentary occupations, Medical-Vocational Guideline, or "Grid Rule," 201.10 directs that Plaintiff be found "disabled." 20 C.F.R. Pt. 404, Supt. P, App.2, Tbl. No. 1, Rule 201.10. Accordingly, Plaintiff was prejudiced by the ALJ's failure to apply the appropriate legal standard to weigh Dr. Pirzada's medical source statement.